UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BART DEWALD, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 2:15 CV 030 |
| vs. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Bart Dewald, a *pro se* prisoner, filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding (ISP 14-02-0317) held on March 24, 2014. (DE # 3.) There, he was found guilty of use of an unauthorized controlled substance in violation of Code B-202 and sanctioned with the loss of 60 days earned credit time and a demotion in credit class by a hearing officer at the Indiana State Prison. (Id.) The charge was initiated on March 17, 2014, when Internal Affairs Urinalysis Coordinator W. Parnell wrote a conduct report:

> On 3-17-14 the test results from the Redwood Toxicology Laboratory were received by the Internal Affairs Department at the Indiana State Prison. While looking through the test results offender Bart Dewald #174244 had a positive result for Marijuana (THC). On 3-7-14 Offender Dewald provided a urine specimen for the Offender Urinalysis Program. Redwood Laboratory found the seal sealed on the specimen bottle. This specimen was sealed in front of offender Dewald by W. Parnell, the administrator of the test.
>
> Note: According to Corizon Medical Services offender Dewalt was/is not on any medication at the time that would test positive for the above drug.

1

> The restitution for this drug test is $17.28 in accordance with the Department's Administrative Procedures for policy 01-02-107.
>
> $15.00 for laboratory fees
>
> $2.28 for field test
>
> Total of $17.28.

(DE # 7-1.)

On March 21, 2014, Dewald was formally notified of the charge and given a copy of the conduct report. (DE # 7-5.) He pled not guilty, did not request the assistance of a lay advocate and did not request any physical evidence or seek to call any witnesses. (Id.) A disciplinary hearing was conducted on March 24, 2014, where Dewald stated, "compared to last test - the numbers are lower. I don't see how I can be charged when it's not out of my system. Check the previous test." (DE # 7-6.) Relying on the staff reports and the test results, the hearing officer found Dewald guilty of use of an unauthorized controlled substance, in violation of Code B-202. (Id.) Dewald appealed to the final reviewing authority, but his appeal was denied. (DE # 7-9.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some

evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Dewald raises four issues in his petition: (1) whether he was denied the right to present exculpatory evidence; (2) whether he was given the right to be heard; (3) whether the evidence supports the decision; (4) whether Dewald had a fair and impartial decision maker.

First, Mr. Dewald complains that he was denied the right to present exculpatory evidence. At the hearing, Mr. Dewald argued that he tested positive for THC in the instant test only because of residual THC from previous use. The hearing officer denied his request to admit that previous test. A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011).

3

Here, Dewald was not denied his right to present exculpatory evidence. The previous test result was not dispositive to the question of whether he tested positive for THC in this case. The fact that Dewald tested positive for THC in February does not exculpate him in testing positive in March. The fact remains that Dewald tested positive for THC. This is true with or without the February drug test results. Thus, being denied the right to present the results from his February drug test is not a basis for habeas relief.

Second, Mr. Dewald asserts that he was denied the right to be heard and explain the circumstances that led to the conduct report. Dewald complains that the hearing officer would interrupt his attempts to explain away his conduct by telling him that he "will not listen to anything you have to say." (DE # 3 at 2.) Mr. Dewald's real concern appears to be that the hearing officer did not agree with what he had to say rather than that the hearing officer declined to hear exculpatory or pertinent evidence. This does not violate Dewald's right to present testimony, *see Shroyer v. Cotton*, 80 Fed. Appx. 481, 485 (7th Cir. 2003), and is not a basis for habeas relief.

Third, Dewald claims that there was insufficient evidence to establish his guilt. While Dewald makes much of his February 2014 drug test, the fact remains that he tested positive for THC in a March 2014 drug test. The relevant standard is whether there is some evidence to support the finding of guilt. *See Hill*, 472 U.S. at 457. This is not a high standard, and in determining the sufficiency of the evidence, courts do not "conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's

4

decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The court will overturn a guilty finding based on insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). Furthermore, a hearing officer is permitted to rely on circumstantial evidence to establish guilt. *See Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992).

In this case, there is sufficient evidence to support the hearing officer's determination, including the conduct report, laboratory report, and the witness statements. *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (7th Cir. 1999) (conduct report provided some evidence to support disciplinary determination). Here, the urinalysis report alone provides some evidence for the hearing officer's finding of guilt. *Zimmerman v. Davis*, 90 Fed. Appx. 157, 159 (7th Cir. 2004). This was not a criminal proceeding, and the hearing officer was not required to prove his guilt beyond a reasonable doubt. *See Hill*, 472 U.S. at 457. The question for this court is simply whether there is some evidence to support the hearing officer's determination, and that standard is satisfied. Under these circumstances, Dewald has failed to establish a due process error.

Fourth, Dewald claims he was denied the right to an impartial decision-maker. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.*

Here, Dewald alleges that the hearing officer was generally biased against inmates, but there is no indication that she was involved in any way in the events underlying the charge. He appears to believe that the hearing officer is "close personal friends" with the report writer, but even if this is true, it would not provide a basis for granting federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997). Nor do any adverse rulings establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Thus, Dewald has failed to establish a violation of his federal due process rights.

For these reasons, the amended petition (DE # 3) is **DENIED**.

                 **SO ORDERED**.

Date: September 19, 2016

                s/ James T. Moody
                JUDGE JAMES T. MOODY
                UNITED STATES DISTRICT COURT